1  JOHN J. JORDAN, ESQ. (State Bar No. 175678)
   400 Montgomery Street, Suite 200
2  San Francisco, CA 94104
   Tel: (415) 391-4814
3  Fax: (415) 391-4308
   Email: jjordanesq@aol.com
4

5  Counsel for Defendant
   WALTER ADILIO AJIATAS-MAZARIEGOS
6

7              IN THE UNITED STATES DISTRICT COURT

8            FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10 UNITED STATES OF AMERICA,     )  Nos. CR-08-0920 CRB
                                 )       CR 03-0001 CRB
11           Plaintiff,           )
   vs.                           )  **DEFENDANT'S NOTICE OF MOTION**
12                               )  **AND MOTION TO DISMISS**
   WALTER ADILIO AJIATAS-        )  **PROBATION FORM 12**
13 MAZARIEGOS,                   )
                                 )
14           Defendant.          )  Date: To Be Set
                                 )  Time: 2:15 p.m.
15                               )  Hon. Charles R. Breyer
   _____)
16

17 **TO:  JOSEPH P. RUSSONIELLO, UNITED STATES ATTORNEY, AND TO DARYL
        T. EREMIN, SPECIAL ASSISTANT UNITED STATES ATTORNEY:**
18
       PLEASE TAKE NOTICE that at the time and place specified
19
   above, or as soon thereafter as the matter may be heard, in the
20
   courtroom of the Honorable CHARLES R. BREYER, United States
21
   District Judge, the defendant, through his counsel, John J.
22
   Jordan, will move and does hereby move this honorable court for
23
   entry of an order dismissing the indictment against the
24
   defendant, pursuant to the Due Process Clause and Fed. R. Crim.
25
   P. 32.
26
       This request is made pursuant to the Due Process Clause of
27
   the Fifth Amendment to the United States Constitution, Fed. R.
28

   **Not/Mtn Dismiss Form 12**            1

Crim. P. 32, the accompanying declaration, the pleadings and records on file in this matter, and upon such evidence and argument which may be presented prior to and at the hearing on this motion.

Dated: April 28, 2009     Respectfully submitted,

/S/ John J. Jordan
JOHN J. JORDAN
Attorney for Defendant
WALTER ADILIO AJIATAS-MAZARIEGOS

**Not/Mtn Dismiss Form 12**            2

1  JOHN J. JORDAN, ESQ. (State Bar No. 175678)
   400 Montgomery Street, Suite 200
2  San Francisco, CA 94104
   Tel: (415) 391-4814
3  Fax: (415) 391-4308
   Email: jjordanesq@aol.com
4  Counsel for Defendant
   WALTER ADILIO AJIATAS-MAZARIEGOS
5

6                IN THE UNITED STATES DISTRICT COURT

7              FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9  UNITED STATES OF AMERICA,      )  No. CR 03-0001 CRB
                                  )
10          Plaintiff,             )  **DEFENDANT'S MEMORANDUM OF**
   vs.                            )  **POINTS AND AUTHORITIES IN**
11                                )  **SUPPORT OF MOTION TO DISMISS**
   WALTER ADILIO AJIATAS-         )  **PROBATION FORM 12**
12 MAZARIEGOS,                    )
                                  )
13          Defendant.             )  Date: To Be Set
                                  )  Time: 2:15 p.m.
14                                )  Hon. Charles R. Breyer
   _____)
15

16                          **INTRODUCTION**

17       The defendant, through his counsel, John J. Jordan, files

18 this memorandum of points and authorities in support of the

19 defendant's Fed. R. Crim. P. 32 motion to dismiss the pending

20 Form 12 Probation violation pending against the defendant, due to

21 the unreasonable four year delay in executing the warrant and

22 then a further almost four month delay before obtaining the

23 initial appearance of the defendant on the warrant.

24       The defendant's due process rights have been violated here,

25 when the government deported him in 2004 after a new misdemeanor

26 re-entry conviction, and then obtained an arrest warrant for the

27 same man they had just ejected from this country.

28

**Not/Mtn Dismiss Form 12**              1

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

The defendant is before this court on two matters. In *United States v. Walter Adilio Ajiatas-Mazariegos,* CR. No. 08-0920 CRB, he is charged with illegal re-entry following deportation, in violation of 8 U.S.C. § 1326. This charge was filed on November 25, 2008, and the defendant was taken into federal custody that same date.

In this illegal re-entry case, the defendant disagrees with the government's position that his prior 2003 misdemeanor conviction for assault on a federal officer, in violation of 18 U.S.C. § 111(a)(1) constitutes an aggravated felony under the applicable U.S.S.G. guidelines for 8 U.S.C. § 1326, and accordingly intends to enter an open guilty plea before this Court and seek determination of that issue.

The second matter before this Court is a supervised release violation arising out of a 2003 misdemeanor assault conviction, *United States v. Walter Adilio Ajiatas-Mazariegos,* CR. No. 03-0001 CRB. This Court recently granted the government's motion to relate that case to the pending first case, the illegal re-entry case, CR. No. 08-0920 CRB. It is this second matter that the motion to dismiss is directed against.

In the supervised release Form 12 petition, *United States v. Walter Adilio Ajiatas-Mazariegos,* CR. No. 03-0001 CRB, the case was originally assigned to Magistrate Spero and prosecuted in Magistrate Court.

1     On March 28, 2003, the defendant pled guilty to one count of
2  assault on a federal officer, in violation of 18 U.S.C. §
3  111(a)(1).  Docket Entry 11.
4     On July 11, 2003, the defendant was sentenced in that case
5  to 12 months custody, followed by 12 months supervised release.
6  Docket Entry 16.
7     According to the Form 12 later filed by the Probation
8  Department, the defendant commenced supervision on December 20,
9  2003.
10    On August 4, 2004, the defendant was arrested by the Bureau
11 of Immigration and Customs Enforcement in Tucson, Arizona for
12 illegally re-entering the country.
13    On August 9, 2004, the defendant pled guilty in the United
14 States District Court in Arizona to a misdemeanor violation of 8
15 U.S.C. § 1325, under court no. 04-3473M-P.  He was summarily
16 sentenced the same day to 60 days custody, with no supervision to
17 follow.
18    Defendant informs counsel that he was told this would clear
19 his federal case, there would be no further criminal sanctions,
20 and he would be deported after he served his sentence.  Defendant
21 also informs counsel that he was deported to his native Guatemala
22 on approximately November 21, 2004, after serving the 60 day
23 sentence.
24    The pending Form 12 provided by the Court to counsel
25 indicates that the Probation Department in this District applied
26 for an arrest warrant for the defendant on December 7, 2004, but
27
28

**Not/Mtn Dismiss Form 12**           3

made no mention of the fact that defendant was already apparently deported.

On December 13, 2004, the magistrate court issued an arrest warrant for defendant on the Form 12 application.  Docket Entry 21.

On November 25, 2008, the defendant was taken into federal custody after serving time for a California state DUI case.  The defendant was brought to court in the case of *United States v. Walter Adilio Ajiatas-Mazariegos,* CR. No. 08-0920 CRB, in which he is charged with illegal re-entry following deportation, in violation of 8 U.S.C. § 1326.

On April 8, 2009, the defendant was finally arraigned on the supervised release Form 12 petition.  Docket Entry 26.

**ARGUMENT**

The government deliberately delayed defendant's appearance on the Form 12 violation by deporting him first, and then issuing an arrest warrant for him.  This caused an unreasonable four year delay in executing the warrant.  Even after he returned to this country, the government still waited until he had finished his state DUI sentence before bringing him to federal court in November, 2008.  Then, the government waited almost four more months before finally obtaining the initial appearance of the defendant on the warrant.  This is a violation of the defendant's due process rights.

Fed. R. Crim. P. 32.1(b)(1)(A) provides that a preliminary hearing on a supervised release violation must be promptly conducted.  A defendant's right to such a hearing arises under

**Not/Mtn Dismiss Form 12**              4

the Due Process Clause of the Fifth Amendment, as applied to parole and probation revocation proceedings. *United States v. Santana*, 526 F.3d 1257, 1259 (9th Cir. 2008), citing *Morrissey v. Brewer,* 408 U.S. 471, 485 (1972) and *Gagnon v. Scarpelli,* 411 U.S. 778, 782 (1973).  "*Morrissey* stated that a parolee was entitled to a preliminary hearing, which should be held "as promptly as convenient after arrest" and to a final revocation proceeding to be held "within a reasonable time after the parolee is taken into custody," *United States v. Santana*, 526 F.3d at 1259, citing *Morrissey v. Brewer,* 408 U.S. at 485, 488.

    The requirements of *Morrissey* were formalized in Federal Rule of Criminal Procedure 32.1, with revocation hearings covered under Rule 32.1(b)(2).  Revocation hearings, like the other two hearings, has a timeliness requirement in the rule.  Fed. R. Crim. P. 32.1(b)(2) (final hearing to be held "within a reasonable time").  For the initial appearance, "A person held in custody for violating probation or supervised release must be taken without unnecessary delay before a magistrate judge." Fed. R. Crim. P. 32.1(a)(1); see also 18 U.S.C. § 3606 ("[U]pon arrest, [a person alleged to have violated terms of supervised release] shall be taken without unnecessary delay before the court having jurisdiction over him.").

    To qualify for relief from an unreasonable delay in conducting a hearing on a supervised release Form 12, the defendant must show both (1) an unreasonable delay and (2) actual prejudice.  *United States v. Santana*, 526 F.3d at 1260-61.

**Not/Mtn Dismiss Form 12**          5

### 1. There was an unreasonable delay

The delay involved here was unreasonable.

There are actually two periods of unreasonable delay. First, the government delayed for over four years by deporting the defendant from this country and then asking for a warrant. Then, even once the defendant was back in this country in 2008, and in a state jail, the government still waited until November, 2008 to bring him to federal custody. Even then, the government still failed to bring him to court on the supervised release violation. Instead, the defendant was only brought to court on the new, illegal re-entry charge. Not until April 8, 2009, was the defendant finally arraigned on the Form 12 violation.

In *Santana,* the Ninth Circuit explained that reasonableness involves the balancing of the length of the delay and the reasons given for the delay. *Id.* at 1260. *Santana* looked first to the speedy trial case law under *Barker v. Wingo,* 407 U.S. 514, 530 (1972), for guidance on the issue of reasonableness. The Ninth Circuit noted that in that framework, the Supreme Court in *Doggett v. United States,* 505 U.S. 647, 652 n.1 (1992), stated that the lower courts generally have agreed that post-accusation delay starts to become serious enough to trigger Speedy Trial analysis as it approaches one year.

In *Santana,* the delay did not approach one year, so the Ninth Circuit found the *Barker/Doggett* analysis inapplicable. Here, however, the delay is well over one year, and so there is a parallel. With the delay over four years here, it is presumptively unreasonable.

**Not/Mtn Dismiss Form 12**                 6

1    Even if the delay is not presumptively unreasonable, the
2 government loses any balancing test.  The length of delay is
3 extraordinary, so the government better have some pretty
4 compelling reasons for the delay.  There are none.  For none of
5 this delay is there any adequate explanation or excuse available
6 for the government.  In 2004, he was in federal custody, his
7 criminal record available to the Tucson officials, yet he was not
8 sent back to California.  In 2008, his arraignment on the Form 12
9 was again delayed for months, even after he was actually back in
10 the same district court in which the Form 12 slept on.  None of
11 this delay is reasonable.

12   Moreover, the government intentionally caused the delay
13 here.  The government prosecuted him in Arizona, participated in
14 a plea deal in which he received a 60 day jail sentence, no
15 supervised release, and deportation.  Having obtained a sentence
16 that had no strings attached, the government deported the
17 defendant out of this country and then asked for an arrest
18 warrant (while failing to inform the magistrate that the reason
19 that it did not know the defendant's address in this country was
20 because it had eliminated the defendant's address in this
21 country).  This deliberate delay weighs towards a finding of
22 unreasonableness. *See United States v. Gregory,* 322 F.3d 1157,
23 1162 (9th Cir. 2003) (noting that, under *Barker v. Wingo,* 407
24 U.S. 514, 531 (1972), "the government's negligence should weigh
25 less heavily in defendant's favor than does a deliberate delay").
26 **2.   The Defendant has suffered actual prejudice**
27
28

**Not/Mtn Dismiss Form 12**            7

The defendant has suffered actual prejudice caused by the delay in bringing him before this Court on the supervised release Form 12 petition.

First, the only reason the defendant is still technically under supervised release is because the government had a warrant issued once it had deported him. This had the effect of stopping the clock on the one year period of supervised release. But, this is not a case where a defendant voluntarily absconded while on supervised release. In such a case, stopping the clock is only just. Here, however, the defendant did not voluntarily abscond. He was deported. The government cannot be allowed to artificially prolong the supervised release period by failing to timely bring the defendant to court and then asking for a warrant only after deporting the defendant. See *United States v. Hill*, 719 F.2d 1402, 1405 (9th Cir. 1983)(although issuance of a warrant could toll the period of probation or parole, the warrant must be executed within a reasonable time after issuance).

This delay harmed the defendant. If the government had not deported the defendant in 2004, and instead returned him to this district for a supervised release violation hearing, his one year term of supervised release would have expired in 2005, even if he had received some additional time for the violation.

Second, the defendant negotiated a settlement in 2004 in Federal court in Tucson that involved no further supervised release. The government cannot now be allowed to resurrect a previously ignored supervised release violation four years after making a plea deal. The delay in filing the supervised release

**Not/Mtn Dismiss Form 12**               8

1 violation means the defendant has lost the chance to argue for a
2 concurrent sentence to the 60 day sentence he received in 2004.
3     The government's unreasonable delays in this case have thus
4 prejudiced the defendant.

**CONCLUSION**

The Court should dismiss the Form 12 petition.

Dated: April 28, 2009    Respectfully submitted,

<u>/S/ John J. Jordan</u>
JOHN J. JORDAN
Attorney for Defendant
WALTER ADILIO AJIATAS-MAZARIEGOS

**Not/Mtn Dismiss Form 12**    9

```
 1 | JOHN J. JORDAN, ESQ. (State Bar No. 175678)
   | 400 Montgomery Street, Suite 200
 2 | San Francisco, CA 94104
   | Tel: (415) 391-4814
 3 | Fax: (415) 391-4308
   | Email: jjordanesq@aol.com
 4 |
 5 | Counsel for Defendant
   | WALTER ADILIO AJIATAS-MAZARIEGOS
 6 |
 7 |           IN THE UNITED STATES DISTRICT COURT
 8 |         FOR THE NORTHERN DISTRICT OF CALIFORNIA
 9 |
10 | UNITED STATES OF AMERICA,  )  No. CR 03-0001 CRB
   |                            )
11 |         Plaintiff,          )  DECLARATION IN SUPPORT OF
   | vs.                        )  MOTION TO DISMISS PROBATION
12 |                            )  FORM 12
   | WALTER ADILIO AJIATAS-     )
13 | MAZARIEGOS,                )
   |                            )  Date: To Be Set
14 |         Defendant.         )  Time: 2:15 p.m.
   |                            )  Hon. Charles R. Breyer
15 |                            )
   | _____)
16 |
17 |      DECLARATION OF COUNSEL IN SUPPORT OF MOTION:
18 |
19 |     I, JOHN J. JORDAN, am an attorney licensed to practice in
20 | the State of California and do hereby declare under the penalty
21 | of perjury as follows:
22 |     1.  I am an attorney-at-law duly authorized to practice
23 | before the Courts of the State of California, and the attorney of
24 | record for Defendant Walter Adilio Ajiatas-Mazariegos.  I have
25 | reviewed the attached Motion, and I believe the factual
26 | statements made therein are true and correct to the best of my
27 | information and belief.
28 |
```

**Not/Mtn Dismiss Form 12**              1

2. On April 28, 2008, the defendant informed me that he recalls that on August 9, 2004, he pled guilty in the United States District Court in Arizona to a misdemeanor violation of 8 U.S.C. § 1325. He was summarily sentenced the same day to 60 days custody, with no supervision to follow.

Defendant informs counsel that he was told this would clear his federal case, there would be no further criminal sanctions, and he would be deported after he served his sentence. Defendant also informs counsel that he was deported to his native Guatemala on approximately November 21, 2004, after serving the 60 day sentence.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: April 28, 2009          /S/ John J. Jordan
                               JOHN J. JORDAN

**Not/Mtn Dismiss Form 12**          2