JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

DARYL T. EREMIN (TXBN 24012593)
Special Assistant United States Attorney
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 522-6031
Facsimile: (415) 436-7234
E-Mail: Daryl.Eremin@usdoj.gov

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WALTER ADILIO AJIATAS-MAZARIEGOS<br>　a/k/a WALTER ADILIO<br>　　　MAZARIEGOS,<br>　a/k/a WILSON REYES, and<br>　a/k/a WILFRED CASTANEDA,<br><br>　　　　Defendant. | No. CR 08-0920 CRB<br><br>**SENTENCING MEMORANDUM**<br><br>Court: Hon. Charles R. Breyer<br>Date:　August 5, 2009<br>Time:　2:15 p.m. |

## INTRODUCTION

Defendant Walter Adilio Ajiatas-Mazariegos stands before this Court to be sentenced on his conviction for Illegal Reentry by an Alien After Deportation, in violation of 8 U.S.C. § 1326. The United States submits this sentencing memorandum seeking a sentence of 37 months imprisonment, three years of supervised release, and a $100 Special Assessment. The recommended sentence is sufficient, but not greater than necessary, to achieve the sentencing goals of 18 U.S.C. § 3553(a).

# DISCUSSION

Mr. Ajiatas-Mazariegos pleaded guilty to the single count indictment in this case charging a violation of 8 U.S.C. § 1326. The parties did not enter into a plea agreement. The Presentence Investigation Report ("PSR") prepared by U.S. Probation correctly calculates an Adjusted Offense Level of 13. The PSR also correctly calculates the Criminal History Category as VI. The resulting advisory Sentencing Guidelines range is 33 to 41 months imprisonment. The United States recommends a sentence of 37 months imprisonment, which is at the middle of the applicable guidelines range. Such a sentence will achieve all of the goals of sentencing as set forth below.

In sentencing Mr. Ajiatas-Mazariegos, this Court must consider all of the directives set forth in 18 U.S.C. § 3553(a). *See United States v. Booker*, 543 U.S. 220 (2005). "The overarching statutory charge for a district court is to impose a sentence sufficient, but not greater than necessary" to achieve the goals of section 3553(a). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (internal quotations omitted). Those goals include the need:

- to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
- to afford adequate deterrence to criminal conduct;
- to protect the public from further crimes of the defendant; and
- to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2). Section 3553(a) directs the court to consider a number of additional factors, including:

- the nature and circumstances of the offense, § 3553(a)(1);
- the history and characteristics of the defendant, § 3553(a)(1);
- the kinds of sentences available, § 3553(a)(3);
- the sentencing guideline range, § 3553(a)(4);
- pertinent Sentencing Commission policy statements, § 3553(a)(5);
- the need to avoid unwarranted sentencing disparities, § 3553(a)(6); and
- the need to provide restitution to any victims of the offense, § 3553(a)(7).

While a within-Guidelines range sentence may not be presumed reasonable, *United States v. Nelson*, 129 S.Ct. 890, 891 (2009), such a sentence "will probably be reasonable." *Carty*, 520 F.3d at 993-94. For the following reasons, a sentence of 37 months imprisonment, followed by three years of supervised release, appropriately addresses all such considerations.

**ARGUMENT**

**1. Defendant's federal misdemeanor assault conviction is an "aggravated felony" for purposes of the Sentencing Guidelines.**

"All sentencing proceedings are to begin by determining the applicable Guidelines range." *Carty*, 520 F.3d at 991. The PSR correctly assesses an 8-level increase in Mr. Ajiatas-Mazariegos' offense level based on his 2003 conviction for Assault on a Federal Officer in violation of 18 U.S.C. 111(a)(1). PSR at ¶ 36. An 8-level increase applies if the defendant has been convicted of an "aggravated felony" prior to deportation. U.S.S.G. § 2L1.2(b)(1)(C).

"Aggravated felony" under U.S.S.G. § 2L1.2(b)(1)(C) has the meaning given to the term as defined in section 101(a)(43) of the Immigration and Nationality Act ("the Act"). *Id.*, cmt. n.3(A); 8 U.S.C. § 1101(a)(43). There are twenty-one different definitions of aggravated felony found in section 101(a)(43) of the Act. 8 U.S.C. § 1101(a)(43)(A) - (U). Section 101(a)(43)(F) of the Act defines an aggravated felony as "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(F). Section 16 of Title 18 defines the term "crime of violence" as:

>  (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another; or
> 
>  (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16.

Mr. Ajiatas-Mazariegos' conviction for Assault on a Federal Officer is an aggravated felony because it is a crime of violence for which the term of imprisonment was at least one year. PSR at ¶ 36. That his crime is classified as a misdemeanor is of no legal significance because his conviction satisfies the definition of an aggravated felony set forth in 8 U.S.C. § 1101(a)(43)(F). While the Ninth Circuit has not directly addressed whether a federal misdemeanor may constitute an aggravated felony, the court has held that a state-level misdemeanor constitutes an aggravated felony if it meets the definition under 8 U.S.C. § 1101(a)(43). *See United States v. Corona-Sanchez*, 291 F.3d 1201, 1210 (9th Cir. 2002) ("...[I]t

is irrelevant whether the state labels the underlying crime misdemeanor or felony. . . .The relevant question is *whether the crime meets the definition of an aggravated felony under federal sentencing law*.") (emphasis added); *United States v. Gonzalez-Tamariz*, 310 F.3d 1168, 1170-72 (9th Cir.2002) (state-level misdemeanor battery conviction found to meet definition of aggravated felony crime of violence). There is no reason to distinguish a federal misdemeanor from a state misdemeanor under the logic of *Corona-Sanchez* and *Gonzalez-Tamariz*–whether the conviction satisfies the definition of aggravated felony is simply not tied to its label as either "felony" or "misdemeanor."

The PSR properly assesses an 8-level increase to the base offense level and, accounting for Mr. Ajiatas-Mazariegos' acceptance of responsibility, correctly fixes his adjusted offense level at 13.

**2. Defendant was under a criminal justice sentence when he committed the instant offense and is properly assessed 2 criminal history category points under U.S.S.G. § 4A1.1(d).**

The PSR properly assesses 2 criminal history category points under U.S.S.G. § 4A1.1(d) because there was a warrant outstanding for Defendant's arrest when he was found by immigration authorities in February 2008. PSR at ¶ 36, 41. The warrant was issued based on an alleged violation of Mr. Ajiatas-Mazariegos' supervised release for his 2003 Assault on a Federal Officer Conviction.[1] PSR at ¶ 36. "A defendant who commits the instant offense while a violation warrant from a prior sentence is outstanding (*e.g.*, a probation, parole, or supervised release violation warrant) shall be deemed to be under a criminal justice sentence for the purposes of this provision if that sentence is otherwise countable, even if that sentence would have expired absent such a warrant." U.S.S.G. § 4A1.1, cmt. n.4. The 2 points are properly assessed notwithstanding the fact Defendant was deported three times subsequent to the issuance of the warrant.

---

[1] The United States notes that two successive warrants were issued: the first on November 22, 2004, and a second on December 13, 2004. Mr. Ajiatas-Mazariegos was deported on December 6, 2004. PSR at ¶ 6.

### 3. Defendant is properly assessed 1 criminal history category point for his 2000 conviction for Driving With a Suspended License.

Defendant objects to the assessment of 1 criminal history category point under U.S.S.G. 4A1.1(c) for his 2000 conviction for Driving With a Suspended License. PSR at ¶ 34; PSR Add. ¶¶ 4-5. Mr. Ajiatas-Mazariegos asserts that because no record exists to establish whether he was represented by counsel during those proceedings, then the conviction should not be counted in the criminal history calculation. PSR Add. ¶ 4. As noted in the PSR, California law requires that criminal defendants be advised of their right to court-appointed counsel if they so desire representation. Cal. Penal Code § 987(a). At a minimum and by law, Mr. Ajiatas-Mazariegos would have waived his right to counsel in order for the court to proceed with his case. The assessment of 1 point for this conviction is appropriate.

### 4. A sentence of 37 months imprisonment is reasonable taking into account the factors in 18 U.S.C. § 3553(a).

The PSR correctly calculates the advisory Guidelines sentencing range as 33 to 41 months imprisonment. The United States recommends a sentence of 37 months, which is at the middle of that range. Such a sentence meets the goals of sentencing and adequately takes into account the nature and circumstances of the instant offense, as well as Mr. Ajiatas-Mazariegos' history and characteristics. Such a sentence will achieve the goals of sentencing, imposing sufficient punishment while deterring Mr. Ajiatas-Mazariegos from violating the law.

First, in considering the nature and circumstances of the offense, Mr. Ajiatas-Mazariegos was deported from the United States five times in the eight year period from 2000 to 2008. PSR at ¶ 6. He was convicted four times of Driving Under the Influence prior to his first deportation in 2000. PSR at ¶¶ 28, 30, 32, 33. He was also convicted of a domestic violence offense before his first deportation. PSR at ¶ 35. He has been convicted of new crimes after four of his five deportations, including an immigration offense, Illegal Entry (PSR at ¶ 37), Placing the Health of a Child in Danger (PSR at ¶ 38), and Assault with a Deadly Weapon (PSR at ¶ 39). Mr. Mazariegos' conviction for Illegal Entry in August 2004 was a clear violation of his terms of supervised release for his 2003 Assault on a Federal Officer conviction.

Mr. Ajiatas-Mazariegos has a documented history of not only returning to the United

States illegally after his deportations, but also of engaging in criminal behavior thereafter. His repeated violations of the immigration laws are compounded by his proclivity for other criminal behavior. A sentence of 37 months imprisonment will impress upon Mr. Ajiatas-Mazariegos that the immigration and criminal laws of the United States are not to be so persistently disregarded. Such a sentence will not only deter Mr. Ajiatas-Mazariegos from violating the law, but will also deter similarly-situated aliens and promote the integrity of the immigration and criminal laws of the United States. Ultimately, such a sentence adequately reflects the serious nature of Defendant's offense and accounts for his repeated and blatant violations of the law.

Second, in considering the history and characteristics of the defendant, Mr. Ajiatas-Mazariegos has a history of violent behavior in the United States. As noted above, he has convictions for domestic violence, Assault on a Federal Officer, child abuse, and Assault with a Deadly Weapon. His spouse has twice obtained restraining orders against him; there is currently an order in effect until 2011. PSR at ¶ 58.

The Adjusted Offense Level in this case, 13, adequately accounts for the seriousness not only of the instant offense, but also for Mr. Ajiatas-Mazariegos' violent tendencies. A 37 month sentence properly addresses the defendant's history and characteristics, giving proper weight to his violations of the law. Such a sentence is reasonable given that he has been deported five times and committed new crimes after four of his previous deportations. This repeated behavior cannot be ignored and justifies a sentence above the advisory Guidelines low-end term.

Finally, to his benefit, Mr. Ajiatas-Mazariegos has fully accepted responsibility. No motions or other petitions were filed in this case.[2] Mr. Ajiatas-Mazariegos pled guilty and admitted his illegal conduct. His guilty plea represents a complete acceptance of responsibility and has permitted the United States to avoid trial preparation and the Court to allocate its resources efficiently. The Adjusted Offense Level of 13 adequately accounts for this factor and the United States agrees that the three-level downward departure for acceptance of responsibility

---

[2] Defendant did file a motion to dismiss the Form 12 in a related case, but has in no way challenged the allegations set forth in this indictment.

is appropriate in this case. U.S.S.G. § 3E1.1(a) and (b).

**CONCLUSION**

For the reasons stated, in full consideration of the defendant's history and characteristics together with the other goals of sentencing, the United States respectfully requests that the Court sentence Mr. Walter Adilio Ajiatas-Mazariegos to a sentence of 37 months imprisonment, followed by three years of supervised release, and a $100 Special Assessment. Such a sentence adequately accounts for all of the relevant considerations and is sufficient, but not greater than necessary, to achieve the goals of sentencing.

Dated: July 29, 2009

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney


_____/s/_____
DARYL T. EREMIN
Special Assistant United States Attorney