JOHN J. JORDAN, ESQ. (State Bar No. 175678)
400 Montgomery Street, Suite 200
San Francisco, CA 94104
Tel: (415) 391-4814
Fax: (415) 391-4308

Counsel for Defendant
WALTER AJIATAS-MAZARIEGOS

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>WALTER AJIATAS-MAZARIEGOS,<br><br>　　　　Defendant. | No. CR 08-0920 CRB<br><br>**DEFENDANT'S SENTENCING MEMORANDUM**<br><br>Date: August 5, 2009<br>Time: 2:15 p.m.<br>Hon. Charles R. Breyer |

## INTRODUCTION

The defendant, through counsel of record, John J. Jordan, hereby files this sentencing memorandum. The defendant has pled guilty, without a plea agreement with the government. The defendant pled guilty without a plea agreement due to a dispute between the parties regarding the appropriate U.S.S.G. guideline calculations; a disagreement as to what constituted a reasonable sentence in this case, and a pending motion by the defendant to strike the open supervised release violation on a Form 12 filed in case no. CR 03-0001 CRB.

The defendant believes that the government has now agreed to dismiss the Form 12 violation. However, the dispute regarding the guidelines calculations, centered around the defendant's prior misdemeanor federal assault conviction in 2003, remains a contested issue.

The defendant has received and reviewed the final pre-plea sentencing report (PSR) prepared by the U.S. Probation Department. Apart from a legal argument as to the U.S.S.G. calculations in the PSR, the defendant has no further objections to the report.

The PSR adopts the government's position and finds that the defendant's 2003 federal misdemeanor assault conviction qualifies as an aggravated felony (causing an 8 point increase in the guideline offense calculation) under U.S.S.G. § 2L1.2(b)(1)(C) and 8 U.S.C. § 1101(a)(43). With that increase, the current PSR calculations list an adjusted offense level of 13 (8 + 8 - 3), criminal history VI, with a guideline range of 33-41 months. The probation officer recommends imposition of the low end, or 33 months.

The defendant asks this Court to instead find that the 2003 federal misdemeanor assault conviction does not qualify as an aggravated felony, and void the 8 point increase in the guideline offense calculation under U.S.S.G. § 2L1.2(b)(1)(C), resulting in a offense level of 6 (8 - 2), criminal history VI. The defendant then asks the Court to impose a sentence within the resulting guideline range of 12-18 months.

Alternatively, if this Court concludes that the misdemeanor conviction is an aggravated felony under U.S.S.G. § 2L1.2(b)(1)(C), then the defendant asks this Court, under the recent Ninth Circuit case of *United States v. Amezcua-Vasquez,* 567 F.3d 1050 (9th Cir. 2009), and other factors, find that imposition of the full 8 point upward adjustment under U.S.S.G. § 2L1.2(b)(1)(C) is unreasonable and impose a below-guidelines sentence.

Finally, the defendant also asks the Court to recommend that the defendant receive alcoholic abuse counseling, if incarcerated in the Bureau of Prisons.

**STATEMENT OF FACTS AND PROCEDURAL BACKGROUND**

The defendant, Walter Ajiastas-Mazariegos, is a 35 year old native of Guatemala. The PSR details that he is the son of a police officer and a homemaker, who was raised in a religious household. PSR 55-56. He married Miriam Mazariegos in 2005, and they have five children. PSR 57. One child is a United States citizen. His wife and children are now all in Guatemala. Although he has had problems in his relationship with his wife in the past, she has written a letter of support for the Court, and his children are looking forward to seeing him back in Guatemala once he has served his time in this case.

The PSR also details that the defendant came to the United States for the first time when he was fifteen years old, because of the bad economic climate in Guatemala. PSR 56. He has re-entered the country several times, and has always tried to support both his parents, and his wife and children. The defendant, when he was working, sent his parents up to $400 a month, and his wife and children between $400 and $800 a month. PSR 57, 58.

The defendant was last deported on February 1, 2008, but re-entered the country, again in an attempt to earn money to support both his own family and his parents. (PSR 56 & 57.)

On March 18, 2008, the defendant was arrested by Marin County police, after the police received notification that there was a man and woman fighting. (PSR 39). The complainant told the police that the defendant had come to her residence while intoxicated, and became enraged when she refused to let him in, breaking a door and window and throwing items into the residence. While the PSR notes there was blood observed on a shoe, there is no indication in the PSR that the woman claimed that the defendant actually hit or harmed her.

On May 14, 2008, the defendant received an 8 month, 3 day sentence in state court on that case. He was not brought to this Court on this case until November 25, 2008, after he had served his state sentence.

**ARGUMENT**

**1.     Introduction**

The defendant asks this Court to find that the 2003 federal misdemeanor assault conviction does not qualify as an aggravated felony under the clear language of U.S.S.G. § 2L1.2(b)(1)(C). Alternatively, if this Court concludes that the misdemeanor conviction is an aggravated felony under U.S.S.G. § 2L1.2(b)(1)(C), then the defendant asks this Court, under the recent Ninth Circuit case of *United States v. Amezcua-Vasquez,* 567 F.3d 1050 (9th Cir. 2009), along with several other factors, find that imposition of the full 8 point upward adjustment under U.S.S.G. § 2L1.2(b)(1)(C) is unreasonable, and instead impose no more than a 4 point adjustment.

## 2. Applicable Law

In this post-*Booker* sentencing, this Court is "not mandated to sentence within an applicable Guideline range because the Sentencing Guidelines are advisory--not mandatory." *United States v. Mix,* 450 F.3d 375 (9th Cir. 2006), citing *United States v. Cantrell,* 433 F.3d 1269, 1279-81 (9th Cir. 2006) and *United States v. Booker,* 543 U.S. 220, 259-60 (2005). District courts, however "'must consult [the] Guidelines and take them into account when sentencing,' even though they now have the discretion to impose non-Guidelines sentences." *United States v. Cantrell,* 433 F.3d at 1279, quoting *Booker,* 543 U.S. at 264.

This Court should begin the sentencing proceeding by correctly calculating the applicable Sentencing Guideline range. See *Gall v. United States,* 128 S.Ct. 586, 596, 169 L.Ed.2d 445 (2007) (stating that "a district court should begin all sentencing proceedings by correctly calculating the applicable Guideline range.") "In addition, a district court must apply the factors enumerated in 18 U.S.C. § 3553(a) in its sentencing decision." *United States v. Mix, supra,* citing *United States v. Cantrell,* 433 F.3d at 1279-80; see also *United States v. Ameline*, 409 F.3d 1073, 1085-86 (9th Cir. 2005) (en banc).

Thus, in addition to the advisory Guideline range, the district court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" as well as the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with needed training and medical care. 18 U.S.C. § 3553(a)(1)-(2).

## 3. THE DEFENDANT'S 2003 FEDERAL MISDEMEANOR CONVICTION FOR SIMPLE ASSAULT DOES NOT QUALIFY AS AN AGGRAVATED FELONY UNDER U.S.S.G. § 2L1.2(b)(1)(C)

In 2003, the defendant was convicted in the Northern District of California of simple assault, in violation of 18 U.S.C. § 111(a)(1). PSR 36. The PSR has adopted the government's view that this conviction qualifies as an aggravated felony under U.S.S.G. § 2L1.2(b)(1)(c), by

meeting the definition of an aggravated felony under 8 U.S.C. § 1101(a)(43)(F) (a crime of violence for which the term of imprisonment was at least one year.  PSR 16.

The defendant disagrees with this conclusion.  The guidelines provision specifically states that a qualifying prior conviction must be a felony.

While the PSR states that this conclusion is support by Ninth Circuit case law (PSR Addendum par. 3), the defense can find no case in any circuit court that holds that a misdemeanor  conviction for simple assault, in violation of 18 U.S.C. § 111(a)(1), qualifies as an "aggravated felony" under 8 U.S.C. § 1326.

Second, the crime of simple assault, in violation of 18 U.S.C. § 111(a)(1), is a federal offense, drafted by Congress.  Congress also drafted 8 U.S.C. § 1326 and 8 U.S.C. § 1101(a)(1).  If Congress intended a federal misdemeanor conviction for simple assault, in violation of 18 U.S.C.§  111(a)(1), to qualify as an aggravated felony, it could easily have done so by listing the offense as an aggravated felony.  It did not.

For this very reason, the case cited by the United States Attorney to the Probation Department prior to the preparation of the final PSR, *Biskupski v. Attorney General of the United States,* 503 F.3d 274, 279-81 (3rd Cir. 2007), actually supports the defense position.  In *Biskupski,* when concluding that a federal  misdemeanor conviction for alien smuggling, in violation of 8 U.S.C. § 1324(a)(1)(A) and (2), was an aggravated felony, the Third Circuit specifically pointed out that "Congress plainly and unambiguously included the offenses described in 8 U.S.C. § 1324(a)(1)(A) and (2) as part of the definition of "aggravated felony" in § 1101(a)(43)(N)." *Id.*, at p. 280.

Here, on the other hand, Congress unambiguously omitted a violation of 18 U.S.C. section 111(a)(1) as part of its definition of "aggravated felony."

The defendant is also aware of one or two cases that hold that a state court misdemeanor conviction, even though the conviction is classified as a misdemeanor by a particular state, nevertheless qualifies under U.S.S.G. §  2L1.2(b)(1)(C) and 8 U.S.C.  § 1101(a)(43) as an

Ajiatas-Mazariegos Sentencing Memorandum         5

aggravated felony.  See, e.g., *United States v. Alvarez-Gutierrez,* 394 F.3d 1241  (9th Cir. 2005).

The rationale for inclusion of a generic definition of violent crimes which would be applied in evaluating state convictions can be understood, as Congress cannot control what an individual state classifies as a "misdemeanor" or a "felony."  In addition, it might be impractical for Congress to attempt to list in 8 U.S.C.  § 1101(a)(43) the  violent felonies of all 50 states, and then amend the statute every year to keep with changes in state law.  A generic definition might make some sense in this situation.  But see *United States v. Alvarez-Gutierrez,* 394 F.3d 1241 (9th Cir. 2005), J. Berzon, dissent.

But, the case before this Court involves a federal misdemeanor conviction.  Congress could have specifically included federal misdemeanor assault in 8 U.S.C. § 1101(a)(43) if it wished such a misdemeanor conviction to qualify as an aggravated felony.   Without such clear guidance, this Court should not follow the government's argument.

**2.      IMPOSITION OF A FULL EIGHT POINT ADDITION IS UNREASONABLE**

Alternatively, in the event that this Court decides that the defendant's 2003 misdemeanor conviction does qualify as an aggravated felony, then the defendant asks the Court to find, under the recent Ninth Circuit case of  *United States v. Amezcua-Vasquez,* 567 F.3d 1050 (9th Cir. 2009), along with several other factors, that imposition of the full 8 point upward adjustment under U.S.S.G. §  2L1.2(b)(1)(C) is unreasonable under *Gall v. United States,* 128 S.Ct. 586, 597 (2007) and *United States v. Booker,* 543 U.S. 220 (2005).

If the defendant's 2003 conviction qualifies, it does so by the barest minimum.   A sentence of one day less would have meant that there was no argument that the misdemeanor conviction could possibly qualify as an aggravated felony.   The defendant submits that an increase of no more than 4 levels would be a reasonable decision by this Court, in light of all the circumstances.

U.S.S.G. § 2L1.2 itself recognizes, in note 7, that a district court might consider a downward adjustment in the guideline calculation when the applicable offense level substantially overstates the seriousness of the prior conviction:

> " Departure Consideration. There may be cases in which the applicable offense level substantially overstates or understates the seriousness of a prior conviction. In such a case, a departure may be warranted. Examples: (A) In a case in which subsection (b)(1)(A) or (b)(1)(B) does not apply and the defendant has a prior conviction for possessing or transporting a quantity of a controlled substance that exceeds a quantity consistent with personal use, an upward departure may be warranted. (B) In a case in which subsection (b)(1)(A) applies, and the prior conviction does not meet the definition of aggravated felony at 8 U.S.C. § 1101(a)(43), a downward departure may be warranted.

This is just such a case where a downward adjustment is warranted. The description of the 2003 conviction, contained in PSR 36, indicates that while the defendant resisted arrest, it was not a serious assault. There is no indication that anyone (except possibly the defendant, who was sprayed with OC spray) was hurt. As indicated above, the defendant received the minimum qualifying sentence. It appears, therefore, that this assault conviction is at the very low end of the spectrum of potentially qualifying offenses.

The Ninth Circuit's recent decision in *United States v. Amezcua-Vasquez,* 567 F.3d 1050 (9th Cir. 2009) (*Amezcua-Vasquez*), supports the defendant's argument in this case.

In *Amezcua-Vasquez*, the Ninth Circuit recognized that applying a full 16-level upward adjustment in an illegal reentry case under U.S.S.G. § 2L1.2(b)(1) (A)(ii), predicated on a stale conviction that technically qualified as an aggravated felony, was substantively unreasonable under *United States v. Booker,* 543 U.S. 220 (2005).

In *Amezcua-Vasquez,* this Court noted that, in an illegal re-entry case, the crucial question is whether the measure of seriousness provided by the enhancement is in fact reasonable. *Amezcua-Vasquez,* 567 F.3d at 1055. In looking at the facts of the case in *Amezcua-Vasquez,* the court acknowledged that the "fact that Section 2L1.2(b) addresses the seriousness of the offense-- as opposed to the risk of recidivism--explains the absence of time limitations on qualifying predicate convictions." *Id.* But, the court concluded that this fact "does not, however, justify

increasing a defendant's sentence *by the same magnitude* irrespective of the age of the prior conviction at the time of reentry." *Id.* (emphasis in original).

The court concluded that the "district court abused its discretion when it applied the Guidelines sentence to Amezcua without making allowances for the staleness of the prior conviction and his subsequent lack of any other convictions for violent crimes. The result was an unreasonable sentence." *Id.*

Here, similarly, imposing a full 8-level upward adjustment predicated on an aggravated felony conviction is really just a misdemeanor and, if it qualifies, just barely qualifies because the defendant received a 12 month sentence (as opposed to just one day less), would also be substantively unreasonable under *United States v. Booker,* 543 U.S. 220 (2005). Although, as the court held in *Amezcua-Vasquez,* it may be reasonable to take *some* account of an aggravated felony, no matter how close to the minimum one year qualifying sentence the actual sentence is, it should not follow that it is inevitably reasonable to assume that a prior conviction for which a one-year sentence is imposed is deserving of the same severe additional punishment as a prior conviction for which a higher sentence was imposed, particularly when the conviction is actually only for a misdemeanor.

Thus, under the new holding in *Amezcua-Vasquez*, the defendant's 2003 misdemeanor assault conviction does not justify now increasing his sentence to the maximum magnitude irrespective of the sentence imposed in the 2003 conviction.

An additional fact in support of this argument is the circumstance that, as in all illegal re-entry cases, the defendant's criminal history score is already being increased due to the 2003 misdemeanor conviction. Then, the conviction is double counted by being used as an aggravated felony to increase the adjusted offense level. In fact, in this case, there is a type of triple counting. This Court may remember the defendant's earlier motion to dismiss the Form 12 petition because the government obtained a warrant in this district while simultaneously deporting him in another district. As a direct result of the government artificially extending the case life of the 2003

conviction by obtaining a warrant for a deported defendant, the defendant's criminal history score is being increased a further 2 points. See PSR 41. This inflation of the defendant's criminal history is a further reason for not applying the full 8 point increase.

In addition, as noted in the PSR, there were mitigating factors under 18 U.S.C. § 3553(a)(1) present in this case. The defendant was forced to leave school and work to support his family at an early age. PSR 69. He started working in the United States when he was 15 years old (PSR 56), and has been supporting both his parents and his wife and children.

Although the defendant does have a number of misdemeanor convictions, he has no felony convictions. Many, if not all, of the prior convictions are alcohol-related.

And, while the Court may be concerned with the defendant's past re-entries, at this point his family has relocated to Guatemala. His wife is arranging employment for him in that country. Moreover, even with just a 4-level increase requested by the defendant, he would still receive a substantial sentence, which would both adequately punish him, promote respect for the law, and deter any further re-entries.

## CONCLUSION

The defendant asks this Court to strike the 8-level increase proposed by the PSR in paragraph 16, and impose a low end guideline sentence. Alternatively, the defendant asks the court to impose no more than a 4 level increase for the 2003 misdemeanor conviction, and impose a low end guidelines sentence.

In addition, the defendant asks the Court to recommend that the defendant participate in an alcohol abuse treatment program while incarcerated.

DATED: July 29, 2009.　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　/John J. Jordan
　　　　　　　　　　　　　　　　　　JOHN J. JORDAN

Ajiatas-Mazariegos Sentencing Memorandum　　　　　9